FILED
MAY 12 2014
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. COTTIER, | * | CIV 14-4021-RAL |
| Plaintiff, | * | |
| vs. | * | |
| | * | ORDER |
| BURNELL BLINDMAN, DAROL YOUNG, and DENNIS DAUGAARD, | * | |
| Defendants. | * | |

Plaintiff James A. Cottier ("Cottier") is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Doc. 1. On February 12, 2014, Cottier filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Cottier, however, did not file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" as is required. 28 U.S.C. § 1915. Cottier filed instead a Department of Corrections Release Statement, Doc. 3, which is not certified and does not contain the information this Court needs to determine pauper status and to progress with this case. On February 27, 2014, the Clerk of Court sent Cottier a letter directing him to complete the Prisoner Trust Account Report and attached a copy for him to do so. Doc. 5. Cottier has not completed and returned the Prisoner Trust Account Report sent to him on February 27, 2014. Thus, he has not yet satisfied, nor attempted to satisfy, 28 U.S.C. § 1915(a)(2).

This Court has been extremely patient with Cottier's failure to provide material to determine what, if any, filing fee he should pay and will give Cottier thirty days from the date

of this order to file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Failure to comply with this Order and submit a certified Prisoner Trust Account Report by the deadline set will result in dismissal without prejudice of this action. See In re Prison Litig. Reform Act, 105 F.3d 1131 (6th Cir. 1997) ("If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the . . . district court must then order the case dismissed for want of prosecution."); see also Perry v. Boston Scientific Family, CIV. No. 11-3464 (DWF/LIB), 2012 WL 694713, at *2 (D. Minn. Feb. 9, 2012), report and recommendation adopted, CIV. No.11-3464 (DWF/LIB), 2012 WL 694700, at *1 (D. Minn. Mar. 1, 2012) (collecting cases holding dismissal appropriate when pro se litigant fails to comply with pauper requirements and court orders). Accordingly, it is

ORDERED that the Clerk of Court mail this Order as well as a Prisoner Trust Account Report to Cottier. It is further

ORDERED that Cottier shall have the Prisoner Trust Account Report completed pursuant to that document's directions and returned within thirty (30) days of this Order. Failure to have the Prisoner Trust Account Report completed and returned within thirty (30) days will result in dismissal without prejudice of the Complaint.

Dated May 12th, 2014.

2

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE